UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY R. KOZLOWSKI,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Case No. 11-12213
Hon. Gerald E. Rosen
Magistrate Judge Laurie J. Michelson

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on August 14, 2012

PRESENT: Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

On March 14, 2012, Magistrate Judge Laurie J. Michelson issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Tiffany R. Kozlowski's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on March 28, 2012. The Court has now reviewed the R & R, Plaintiff's objections, the parties' underlying motions and other submissions, and the administrative record. For the reasons stated below, the Court finds no merit in Plaintiff's objections, and therefore adopts the Magistrate Judge's thorough and well-reasoned R & R as the opinion of this

Court.

Plaintiff's objections essentially reiterate the arguments raised in her underlying summary judgment motion, and the Court finds little to add to the Magistrate Judge's cogent analysis of these issues.  First, Plaintiff repeats her claim from her underlying summary judgment motion that there is an inherent inconsistency between the determinations of the Administrative Law Judge ("ALJ") that (i) Plaintiff was limited to jobs "where there is no production rate or pace work," (Admin. Record at 12), and (ii) Plaintiff was capable of performing the job of "production assembler," (*id.* at 17).  As the Magistrate Judge observed, however, it is "not implausible" that certain of the jobs identified in the testimony of the vocational expert ("VE") as consistent with Plaintiff's limitations "have no pace or quota requirement."  (R & R at 9-10.)  The VE evidently believed that a hypothetical individual with a restriction to "no production rate or pace work" could nonetheless perform the job of an assembler, (*see* Admin. Record at 42-44), and the Court agrees with the Magistrate Judge that Plaintiff has not identified any basis for "question[ing] the expertise or credibility of the VE" on this point, (R & R at 10).  Thus, the ALJ was entitled to rely on the VE's testimony to conclude that Plaintiff was capable of performing assembler jobs that existed in sufficient numbers in the regional economy.

Next, Plaintiff reasserts her contention that the ALJ's hypothetical questioning of the VE did not properly and fully incorporate her limitation to "simple routine, *repetitive* work," (Admin. Record at 12 (emphasis added)), but instead inquired about a

hypothetical individual who was limited to "simple, routine types of tasks," (*id.* at 42). Yet, the Court fully shares the Magistrate Judge's "reluctan[ce] to conclude that the difference" between these two slightly-varied formulations of Plaintiff's residual functional capacity "is so significant [as] to warrant remand or reversal," particularly "in view of the fact that Plaintiff offers no argument that the jobs contemplated by the VE were not repetitive in nature." (R & R at 10-11.) Indeed, contrary to Plaintiff's suggestion in her objections that the Magistrate Judge identified only "one" such job, (Plaintiff's Objections at 3), the R & R cites four assembler-type occupations in the Dictionary of Occupational Titles ("DOT") that entail repetitive tasks, including the job that Plaintiff herself views as most consistent with the VE's testimony, (*see* R & R at 11). The Court therefore concurs in the Magistrate Judge's conclusion that the ALJ's failure to speak "more precisely" does not rise to the level of reversible error. (*Id.*)

 Plaintiff next argues that the Magistrate Judge addressed her first three challenges to the ALJ's decision separately and in isolation, rather than considering whether the cumulative effect of the ALJ's purported errors warrants a remand. This objection, however, cannot be squared with the Magistrate Judge's actual resolution of Plaintiff's three claims of error. As to the first and third of these claims, the Magistrate Judge has concluded that the ALJ committed no error. (*See* R & R at 9 (finding that any inconsistency in the ALJ's characterizations of Plaintiff's residual functional capacity was "technical rather than substantive"); *id.* at 14 (finding that the ALJ did not err in relying on the VE's testimony to conclude that there are a significant number of jobs that Plaintiff

can perform consistent with her limitations).) As for Plaintiff's second claim of error, the Magistrate Judge has determined that the ALJ "should have spoken more precisely," but nonetheless did not commit "reversible error." (*Id.* at 11.) Consequently, while Plaintiff points to a purported "combination of errors" that should be assessed for their cumulative effect, (Plaintiff's Objections at 4), there was simply no need for the Magistrate Judge to evaluate the "cumulative" effect of the single error (at most) found in the R & R.

Finally, Plaintiff takes issue with the Magistrate Judge's finding that the ALJ's failure to comply with Social Security Ruling 00-4p was harmless error. To the extent that Plaintiff objects that a lack of compliance with this Social Security Ruling is not amenable to harmless error analysis, the Magistrate Judge thoroughly addressed this question in the R & R, (*see* R & R at 14-16), and the Court fully concurs in this analysis. Next, to the extent that Plaintiff maintains that the ALJ's error in this case cannot be harmless because the VE did not identify in her testimony the specific DOT job codes corresponding to the jobs that she found consistent with the limitations described by the ALJ, the Magistrate Judge again addressed this point in considerable detail, (*see* R & R at 16-22), and the Court again agrees with and adopts this analysis. Indeed, apart from the Seventh Circuit ruling cited by the Magistrate Judge that found no conflict between a VE's reference to a broad category of jobs and the more specific occupations listed in the DOT, (*see* R & R at 18-19 (discussing *Weatherbee v. Astrue,* 649 F.3d 565, 571 (7th Cir. 2011))), the Court has uncovered other cases in which similar testimony by a VE has been deemed consistent with the DOT. *See, e.g., Renfrow v. Astrue,* 496 F.3d 918, 921 (8th

Cir. 2007); *Jones v. Barnhart,* 364 F.3d 501, 505-06 & n.6 (3d Cir. 2004); *Kelly v. Commissioner of Social Security,* No. 07-11824, 2008 WL 2950106, at *6-*7 (E.D. Mich. July 31, 2008).  Accordingly, the Court agrees with the Magistrate Judge that the ALJ's failure to conduct the inquiry called for under Social Security Ruling 00-4p was harmless error.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's objections to the Magistrate Judge's March 14, 2012 Report and Recommendation are OVERRULED.  IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present

order.  Finally, IT IS FURTHER ORDERED that, for the reasons set forth above and in the Magistrate Judge's Report and Recommendation, Defendant's December 5, 2011 motion for summary judgment (docket #12) is GRANTED, and Plaintiff's October 3, 2011 motion for summary judgment (docket #9) is DENIED.

                s/Gerald E. Rosen
                Chief Judge, United States District Court

Dated:  August 14, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 14, 2012, by electronic and/or ordinary mail.

                s/Shawntel R. Jackson for Ruth A. Gunther
                Case Manager